Donald S. Taylor, J.
This is an action instituted by three registered ophthalmic dispensers in their own behalf and on behalf of all other such licensees similarly situated against the University of the State of New York, the Commissioner of Education and the Board of Regents for a declaratory judgment invalidating section 76 of the regulations of the defendant Commissioner of Education relating to price advertising as it applies to licensed opticians on the grounds that it violates the State and Federal Constitutions, is discriminatory, arbitrary and unreasonable. They also seek incidental pendente lite and permanent injunctive relief. The defendants deny the salient allegations of the complaint and by a separate defense allege the power of the defendant Board of Regents to adopt the rules governing the practice of this profession. The cause was instituted by the service of a summons and complaint on or about March 2, 1954. Thereafter issue was joined and a motion by defendants for judgment on the pleadings denied. On March 26,1954 a temporary injunction restraining the defendants pending the final determination of the action from enforcing the regulation was granted. The cause has not been noticed for trial by either plaintiffs or defendants.
Three licensed optometrists individually and on behalf of others similarly situated seek to intervene as defendants in the action as of right pursuant to paragraph (b) of subdivision 1 of section 193-b of the Civil Practice Act and permissively pursuant to paragraph (b) of subdivision 2 thereof. Their pro *709 posed answer alleges that article VIII of the regulations of the Commissioner of Education, more particularly section 70 thereof which applies to the practice of optometry, and that article VIII-A of the same regulations, more particularly section 76 thereof which relates to the practice of ophthalmic dispensing, are valid and not violative of their or the plaintiffs’ constitutional rights and that a declaration of the invalidity of the latter regulation unjustly would discriminate competitively against practicing optometrists within the State in favor of those who practice ophthalmic dispensing.
Subdivision 2 of section 193-b of the Civil Practice Act (supra) upon which the applicants, in part, rely to intervene reads: “ Upon timely application any person may be permitted to intervene in an action, including, but not limited to, an action for a sum of money only: * * * (b) when an applicant’s claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.”
Both the optometrist and the ophthalmic dispenser by statute are authorized to prepare and dispense lenses, spectacles, eyeglasses and/or appurtenances thereto to the intended users thereof on written prescription. Additionally, the optometrist is permitted by any means or methods, other than by the use of drugs, to diagnose optical deficiencies or deformities, visual or muscular anomalies of the human eye and to prescribe lenses and eyeglasses for the aid, correction or the relief of the same. (Education Law, §§ 7101, 7120, 7126, subd. 3.)
It is my view that the defense of the endeavoring applicants founded on their interest in upholding the regulation of the Commissioner of Education in respect of price advertising in the field in which the professions of optometrist and optician overlap — the preparation and dispensing of eyeglasses — has a question of law or fact in common with the main action. Obviously, intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Hence, the applicants are entitled to intervene within the permissive provisions of the statute. This result is not in conflict with the determination in Strauss v. University of State of New York (2 A D 2d 179, mod. 2 N Y 2d 464, appeal dismissed 355 U. S. 394, rehearing denied 355 U. S. 968) where the regulation under attack defined as unprofessional conduct by optometrists ‘ ‘ Advertising by means of large display, glaring, illuminated or flickering signs.” This conclusion makes it unnecessary to determine whether intervention as of right is also available.
*710 Accordingly, the motion is granted and the proposed pleading may be served not later than 10 days after the service of a copy of the order to be entered hereon with notice of entry on the attorneys for the appearing parties.
Settle order at- my chambers in Troy.
The motion papers will be forwarded with the signed order.